**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LENNOX A. MOHABEER,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:10-cv-694-Orl-31DAB**

**MEARS DESTINATION SERVICES, INC.,**

        **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**　**MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**　May 4, 2010
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED and the Complaint be dismissed, for lack of jurisdiction**.

    Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed in forma pauperis. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th

Cir. 1987)). To determine if a plaintiff should be permitted to proceed in forma pauperis, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)).

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Nonetheless, certain standards are still required. As the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal* , – U.S. —,129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Upon review, the instant complaint does not allege a nonfrivolous cause of action within the Court's limited jurisdiction.

In his pleading, Plaintiff, appearing *pro se,* purports to assert a cause of action under Florida Statutes § 440.205, for worker's compensation retaliation. He attaches exhibits that indicate that he has filed the same or a related suit against this Defendant previously in state court (Doc. No. 1-1). According to the Public Record of the state court case, the state court judge granted summary judgment in favor of Defendant, and recently denied Plaintiff's motion for rehearing of that determination. This Court is without jurisdiction either to entertain this state law claim in the first instance, or to alter the determination of the state court on this issue.

Federal courts are courts of limited jurisdiction. Here, Plaintiff presents no basis for assertion of federal question jurisdiction over this purely state law claim and the papers belie the existence of diversity jurisdiction.[1] Moreover, the existence of the state case prohibits re-litigation of the same facts and claims here. Federal courts are required to grant full faith and credit to state court judgments. 28 U.S.C. § 1738. "It is well settled law in the federal courts that a judgment of a court having jurisdiction of the parties and of the subject matter is conclusive of the matter it decides and cannot be collaterally attacked for error in procedure or as to the merits." *Bass v. Hoagland*, 172 F.2d 205, 208 (5th Cir. 1949).

As no cognizable claim within the limited jurisdiction of the Court has been stated or can be stated on these facts, it is **respectfully recommended** that the motion to proceed as a pauper be **denied** and the Complaint be **dismissed.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 6, 2010.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy

---

[1] Plaintiff sets forth a Florida residence as his address, and affirmatively alleges that he was employed by Defendant, a Florida corporation doing business in Orlando.